ACCEPTED
04-15-00286-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/18/2015 7:55:22 AM
KEITH HOTTLE
CLERK

**No. 04-15-00286-CV**

**IN THE COURT OF APPEALS
FOR THE FOURTH DISTRICT OF TEXAS,
SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/18/2015 7:55:22 AM
KEITH E. HOTTLE
Clerk

**CITY OF SAN ANTONIO, ACTING BY AND THROUGH CITY PUBLIC
SERVICE BOARD ("CPS ENERGY"),**

**Appellant,**

**v.**

**TOMMY HARRAL CONSTRUCTION, INC.,**

**Appellee.**

**Appeal from the County Court at Law Court No. 2 of Bexar County
(Honorable Jason Wolff, Presiding)**

**APPELLEE'S RESPONSE TO APPELLANT'S PETITION FOR PERMISSION
TO APPEAL FIRST AMENDED ORDER DENYING PLAINTIFF'S MOTION OF
PARTIAL SUMMARY JUDGMENT**

M. Chad Williams
State Bar No. 24072425
willm161@nationwide.com
LAW OFFICE OF MARK E. MACIAS
1100 N.W. Loop 410, Suite 370
San Antonio, Texas 78213
(210) 949-0166
(855) 949-1338 Fax


ATTORNEY FOR APPELLEE
TOMMY HARRAL
CONSTRUCTION, INC.

1

# IDENTITY OF PARTIES AND COUNSEL

1.  Appellant/Plaintiff in the trial court:

    City of San Antonio, acting by and through City Public Service Board
    ("CPS Energy")

2.  Counsel for Appellant:

    Matthew E. Vandenberg
    Melodee L. Gruber
    Jeffrey T. Harvey
    JACKSON WALKER L.L.P.
    112 E. Pecan Street, Suite 2400
    San Antonio, Texas 78205

3.  Appellees/Defendants in trial court:

    Tommy Harral Construction, Inc.

4.  Counsel for Appellee:

    M. Chad Williams
    LAW OFFICE OF MARK E. MACIAS
    1100 Northwest Loop 410, Suite 370
    San Antonio, Texas 78213-2200

**TABLE OF CONTENTS**

APPELLANT'S ISSUE PRESENTED .................................................................................. 2

APPELLEE'S RESPONSE TO APPELLANT'S ISSUE PRESENTED ........................... 2

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT ..................................................................................................................... 4

CONCLUSION .................................................................................................................. 5

CERTIFICATE OF COMPLIANCE ................................................................................. 6

CERTIFICATE OF SERVICE .......................................................................................... 6

**APPELLANT'S ISSUE PRESENTED**

The Texas Utilities Code requires that "any person who excavates or intends to excavate" must comply with certain notice requirements prior to excavating. In light of the applicable definition of "person" from the Government Code, did the trial court err in ruling that, as a matter of law, the excavation notice of a general contractor satisfies the notification requirement of a subcontractor that is an entity separate and apart from the contractor?

**APPELLEE'S RESPONSE TO APPELLANT'S ISSUE PRESENTED**

1. **The trial court did not err in ruling that, as a matter if law, the excavation notice of a general contractor satisfies the notification requirement of a subcontractor because there is contractual privity between the general contractor and the subcontractor that allows the subcontractor to rely on the general contractor's satisfaction of the notice obligation.**

## STATEMENT OF FACTS

On April 9, 2008, while excavating as part of a construction project related to the Vistana Apartment Complex, an employee of Tommy Harral Construction, Inc. caused damage to underground equipment owned by CPS Energy.

An employee of RTM Construction Co., Inc., the general contractor of the project where the excavation took place, timely provided notification of its intention to excavate.

CPS Energy timely filed suit against Tommy Harral Construction, Inc.

CPS Energy filed a Motion for Partial Summary Judgment as to its declaratory judgment action asking the trial court to interpret that the provisions of the Utilities Code and Administrative Code require a "person" as that term is defined in the Code Construction Act to provide timely notice of the intent to excavate.

The trial court denied CPS Energy's Motion for Partial Summary Judgment, prompting CPS Energy to file a Request for Permission to File Interlocutory Appeal. Following a hearing, the trial court granted the request to appeal and, on April 23, 2015, the court entered a First Amended Order Denying CPS Energy's Motion for Partial Summary Judgment (the "Order") which included permission for CPS to petition this Court for leave to file an interlocutory appeal. In the Order, the trial court ruled that a controlling question of law as to which there is a substantial ground for a difference of opinion was at issue and that an immediate appeal of the Order might materially advance the termination of the litigation. It is this Order, and the alleged controlling issue of law

implicated therein that CPS Energy now seeks leave to appeal to this Court.

**ARGUMENT**

Appellant contends that the issue to be appealed involves a controlling question of law in the case. Appellee respectfully disagrees and asserts the issue is a question of fact that should be left up to the jury to ultimately decide. At the trial court level Appellant/Plaintiff is alleging liability against Appellee/Defendant under the theories of Negligence and Trespass. As conceded by Appellant, there is substantial ground for difference of opinion in that each party has advanced exact opposite positions on whether or not Appellee/Defendant's reliance on a General Contractor, and/or an employee of The City of San Antonio, and/or an employee of CPS and/or other entity regarding a "dig notification" is justifiable. Therefore, Appellee/Defendant contends that this issue is a question of fact that should be left up to the jury to ultimately decide.

Appellee argues that because a general contractor company had satisfied the notice obligations of the Utilities Code, Appellee was not under any obligation to provide independent notice. In support of this argument, Appellee reasons that, because "a person" intending to excavate had provided notice, the statute's requirements had been satisfied because there is contractual privity between the general contractor and the subcontractor that allows the subcontractor to rely on the general contractor's satisfaction of the notice obligation. Subcontractors are hired to do specific jobs and/or tasks. When they are hired to do certain jobs and/or tasks, subcontractors rely and depend on their general contractor to provide certain services. In the instant case the general contractor

4

(RTM Construction Co., Inc.) timely requested and provided "dig notifications" of its intention to excavate for the purpose of the work being done under the contract between Appellee/Tommy Harral Construction, Inc. and RTM Construction Co., Inc. and thereafter Appellee/Tommy Harral Construction, Inc. justifiably relied on this fact, along with the assertions of a CPS crew that was on the job site at the time, that told Appellee/Tommy Harral Construction, Inc. that CPS had no electric lines in the area where the work was being done.

Furthermore, the general contractor hired Appellee and clearly would also have intended to have the site excavated, making the general contractor an "excavator" for purposes of notifying prior to a dig under the Texas Utilities and Administrative Code. Accordingly, Appellant is asserting incorrectly that the party actually conducting the digging is the sole party responsible for notifications prior to digging work.

## CONCLUSION

Appellee, Tommy Harral Construction, Inc., respectfully prays that this Court DENY Appellant, CPS Energy's Petition for Permission to Appeal Interlocutory Order in all respects, and grant it such other and further relief, both general and special, at law or in equity, to which it is justly entitled.

5

Respectfully submitted,

LAW OFFICES OF MARK E. MACIAS
/s/ M. Chad Williams
State Bar No. 24072725
willm161@nationwide.com
1100 N.W. Loop 410, Suite 370
San Antonio, Texas 78213
(210) 949-0166
(855) 949-1338 – Fax

ATTORNEY FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word 2010 and contains 848 words, as determined by the computer's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/ M. Chad Williams*
M. Chad Williams

## CERTIFICATE OF SERVICE

I certify that on May 18, 2015, I served a copy of Appellee's Response to Appellant's Petition for Permission to Appeal First Amended Order Denying Plaintiff's Motion for Partial Summary Judgment on the party listed below by electronic service and that the electronic transmission was reported as complete. My e-mail address is willm161@nationwide.com.

Counsel for Appellant
Matthew E. Vandenberg
Melodee L. Gruber
Jackson Walker, L.L.P.
112 E. Pecan Street, Suite 2400
San Antonio, Texas 78205        */s/ M. Chad Williams*
M. Chad Williams

6